IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.
      PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION      MDL No. 2326

---

THIS DOCUMENT RELATES TO

*Bernice Horton v. Boston Scientific Corporation*    Civil Action No. 2:13-cv-20074

## MEMORANDUM OPINION AND ORDER

On July 13, 2018, I entered a Show Cause Order [ECF No. 55] directing the plaintiff to show cause on or before August 13, 2018 as to why this case should not be dismissed with prejudice pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. Having failed to show cause, and for the reasons stated below, this case is hereby **DISMISSED with prejudice**.

I.    Background

On June 1, 2018, I entered an Order [ECF No. 51] limiting the plaintiff and the defendant to no more than five (5) experts per case (exclusive of treating physicians). In the Order, I also directed the plaintiff and the defendant to file with the court, on or before June 11, 2018, a list of the experts that each side intends to proffer in this case. The plaintiff failed to comply.

On June 13, 2018, I entered a Show Cause Order [ECF No. 52] directing the parties to appear for a hearing to show cause as to why they should not be subject to sanctions for their failures to comply with the June 1 Order. On July 13, 2018, I conducted the show cause hearing, and the plaintiff failed to appear. Following the hearing, I entered a second Show Cause Order [ECF No. 55] directing the plaintiff to show cause on or before August 13, 2018 as to why her case should not be dismissed with prejudice for her failures to comply with this court's orders. As of the date of this Order, the plaintiff still has not filed her list of intended experts with the court, has not attempted to show cause for her failures to comply with court orders, and has not made any attempts to communicate with the court or defense counsel regarding this case.

## II.   Legal Standard

Rule 37(b)(2) of the Federal Rules of Civil Procedure sets forth a list of sanctions available when a party fails to comply with a court order, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Before levying dismissal or default as a sanction under Rule 37, a court generally must first consider four factors:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagon of Am., Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977), *cert. denied*, 434 U.S. 102 (1978)).

In deciding on the appropriate sanction for the plaintiff's repeated failures to comply with this court's orders, I must be cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling seven MDLs, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and disclosures and strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, the parties must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32.

Pretrial orders—and the parties' compliance with those orders and their deadlines—"are the engine that drives disposition on the merits." *Id.* at 1232. A "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

## III. Discussion

The plaintiff has been given numerous chances to comply with this court's orders, and has ignored each opportunity. In my previous Order, I warned the plaintiff that failure to show cause would result in the court dismissing this case with prejudice. Still, the plaintiff did not comply. Applying the *Wilson* factors to these facts and bearing in mind the unique context of multidistrict litigation, I conclude that sanctions under Rule 37 are justified.

The first factor—bad faith—is difficult to ascertain given that the plaintiff has not responded to any of the court's orders. While I am cognizant of the difficulties that are presented by not being represented by counsel, those difficulties do not excuse the plaintiff from her obligation to pursue her case actively. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[A] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit."). Simply stated, a pro se litigant is not immune from

4

sanctions for failure to comply with court orders. "Pro se litigants are entitled to some deference from courts. But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citations omitted). This court gave the plaintiff multiple opportunities to comply with my orders, and provided a recourse to the imposition of sanctions upon a showing of good cause, as well as explicitly warned the plaintiff of the consequences of failing to comply with my orders. The plaintiff nevertheless failed to comply with three of my orders. Therefore, I must weigh the first factor against the plaintiff.

The second factor—prejudice caused by noncompliance—also leans toward an order for sanctions. The plaintiff has now had over two months to comply with my initial Order. During that time, the defendant has expended its resources on filing disclosures to comply with my orders, and attending the show cause hearing that the plaintiff failed to attend. Furthermore, because the defendant has had to divert its attention away from responsive plaintiffs to address the plaintiff's shortcomings in this case, the delay has impacted the progress of the remaining cases in this MDL unfairly.

The adverse effect on the management of the MDL as a whole segues to the third factor: the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. In short, I have had to direct my time and resources to noncompliant plaintiffs at the expense of compliant plaintiffs in this MDL. This

cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

Last, *Wilson*'s fourth factor directs the court to consider the effectiveness of lesser sanctions. In recognition of this duty, the court gave the plaintiff one final chance to show cause justifying her failure to comply with the directives of this court. Having failed to do so—or to even respond—the plaintiff has blatantly disregarded three separate orders, the last one warning that a failure to comply would result in the dismissal of her case. In light of the evidence, I find that dismissal is now appropriate, as there is no justification to reasonably believe that a lesser sanction would be effective. The court is left with little alternative.

## IV. Conclusion

For the reasons stated above, it is **ORDERED** that this case is **DISMISSED with prejudice** pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure for failure to comply with my initial Order, failure to attend the show cause hearing, and failure to respond to my Show Cause Order as directed.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to the unrepresented plaintiff.

ENTER: August 14, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE